**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-2105

_____

CONSOL OF PA COAL COMPANY, LLC,

        Petitioner,

    v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; WILLIAM J. SECKMAN,

        Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.  (22-0132 BLA)

_____

Submitted:  September 19, 2025             Decided:  October 28, 2025

_____

Before HARRIS and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  William S. Mattingly, JACKSON KELLY PLLC, Lexington, Kentucky, for Petitioner.  Leonard Stayton, Inez, Kentucky, for Respondent William J. Seckman.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Consol of PA Coal Company, LLC ("Employer"), petitions for review of the Benefits Review Board's ("Board") decision and order affirming the administrative law judge's (ALJ) award of miner's benefits to William J. Seckman under the Black Lung Benefits Act, 30 U.S.C. §§ 901-944. Employer challenges the ALJ's finding that it failed to rebut the presumption that Seckman is totally disabled due to pneumoconiosis. We deny the petition.

"We review the findings of the ALJ, as affirmed by the Board, to determine if they are supported by substantial evidence and in accordance with the law." *Am. Energy, LLC v. Dir., Off of Workers' Comp. Programs,* 106 F.4th 319,330 (4th Cir. 2024) (cleaned up). "To determine whether this standard has been met, we consider whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." *Hobet Mining, LLC v. Epling,* 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted).

But "the duty to resolve conflicts in the evidence rests with the ALJ as factfinder. And when conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled or has pneumoconiosis, the responsibility for that decision falls on the ALJ." *Sea "B" Mining Co. v. Addison,* 831 F.3d 244, 252 (4th Cir. 2016). Accordingly, in conducting our analysis, "we do not undertake to reweigh contradictory medical evidence, make credibility determinations, or substitute our judgment for that [of the ALJ]." *Id.* Indeed, "[s]o long as an ALJ's findings ... are supported by substantial evidence, they must be sustained." *Epling,* 783 F.3d at 504. "Substantial evidence is more than a mere

2

scintilla and is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Island Creek Coal* Co. *v. Blankenship,* 123 F.4th 684, 690 (4th Cir. 2024) (cleaned up).

Nevertheless, "our deference to an ALJ's factual findings is not unlimited," as the "ALJ must still conduct an appropriate analysis of the evidence to support his conclusion." *Addison,* 831 F.3d at 252 (internal quotation marks omitted). "Thus, even if legitimate reasons exist for rejecting or crediting certain evidence, the ALJ cannot do so for no reason or for the wrong reason." *Id.* at 252-53 (cleaned up). "Furthermore, as a condition to appellate review, an ALJ must adequately explain why he credited certain evidence and discredited other evidence." *Id.* at 253 (internal quotation marks omitted). While "this requirement is not intended to be a mandate for administrative verbosity, a reviewing court must be able to discern what the ALJ did and why he did it." *Id.* (internal quotation marks omitted).

Generally, to establish eligibility for benefits, a miner must demonstrate that: (1) "he has pneumoconiosis, in either its clinical or legal form"; (2) "the pneumoconiosis arose out of coal mine employment"; (3) "he is totally disabled by a pulmonary or respiratory impairment"; and (4) "his pneumoconiosis is a substantially contributing cause of his total disability." *W Va. CWP Fund v. Bender,* 782 F.3d 129, 133 (4th Cir. 2015) (internal quotation marks omitted); *see* 20 C.F.R. § 725.202(d)(2) (2025). "But for certain miners, Congress has made it easier to establish eligibility for benefits." *W Va. CWP Fund v. Dir., Off. of Workers' Comp. Programs,* 880 F.3d 691, 695 (4th Cir. 2018) *("Smith").* If the miner proves that he was employed in underground coal mines or in substantially

3

similar conditions for at least 15 years, that he has had a chest x-ray interpreted as negative for complicated pneumoconiosis, and that he has a totally disabling respiratory or pulmonary impairment, he is entitled to the rebuttable presumption that he is totally disabled due to pneumoconiosis. 30 U.S.C. § 92l(c)(4); 20C.F.R. § 718.305(b) (2025).

"Once the presumption is triggered, the burden shifts to the employer to demonstrate that the miner is not in fact eligible for benefits." *Smith,* 880 F.3d at 695. An Employer can rebut the 15-year presumption by establishing that the miner does not suffer from pneumoconiosis arising out of his coal mine employment ("pneumoconiosis rebuttal"), 20 C.F.R. § 718.305(d)(1)(i) (2025), or "that no part of the miner's respiratory or pulmonary total disability was caused by pneumoconiosis" ("causation rebuttal"), 20 C.F.R. § 718.305(d)(1)(ii) (2025). Under the pneumoconiosis rebuttal method, the employer must prove "that the miner's impairment is *not* significantly related to, or substantially aggravated by, the [15] years or more he has spent in coal mines." *Smith,* 880 F.3d at 695 (emphasis in original and internal quotation marks omitted). Under the causation rebuttal method, the employer "must 'rule out' the mining-related disease as a cause of the miner's disability." *Epling,* 783 F.3d at 502. The employer cannot satisfy this "rule out" standard by establishing that pneumoconiosis was only a minor cause or one of multiple causes of the miner's impairment; rather the employer "affirmatively must establish that the miner's disability is attributable exclusively to a cause or causes other than pneumoconiosis." *Bender,* 782 F.3d at 144.

4

Here, the parties agree that Seckman is entitled to the rebuttable presumption that he is totally disabled due to pneumoconiosis. Employer, however, argues that the ALJ erred in concluding that it failed to rebut this presumption.

Like the Board, we find no merit to Employer's argument that the ALJ employed the wrong legal standard when assessing whether Employer rebutted the presumption under the pneumoconiosis rebuttal method. Employer specifically criticizes the ALJ's requirement that Employer must prove the "absence" of legal pneumoconiosis. But that is just another way of saying that Employer must prove that legal pneumoconiosis was not present in Seckman. And the ALJ properly explained that Employer could prove that legal pneumoconiosis was not present in Seckman by establishing that Seckman's "impairment is *not* significantly related to, or substantially aggravated by, the [15] years or more he has spent in coal mines." *Smith,* 880 F.3d at 695 (emphasis in original and internal quotation marks omitted).

We also find no merit to Employer's contention that the ALJ accorded the Preamble the force of law by concluding that asthma is per se chronic obstructive pulmonary disease (COPD) and linked to coal mine dust exposure. *See* Preamble to the 2000 Regulations Implementing the Federal Coal Mine Health and Safety Act of 1969, 65 Fed. Reg. 79,920 (Dec. 20, 2000) [hereinafter Preamble]. To the contrary, the ALJ simply observed that the Preamble supports the proposition that asthma is a form of COPD that can be linked to coal dust exposure. Because this is so, the ALJ was looking for Dr. Basheda to adequately explain why Seckman's asthma-like impairment was not linked to coal dust exposure and was solely due to his smoking history. And the ALJ found that Dr. Basheda did not

5

adequately explain his opinion because the physician did not sufficiently support his methods for distinguishing between dust-induced and tobacco-induced COPD with medical literature or studies. Thus, we conclude that the ALJ permissibly used the Preamble as guidance when assessing the credibility of Dr. Basheda's opinion. *See Extra Energy, Inc. v. Lawson,* 140 F.4th 138, 147 (4th Cir. 2025) (outlining permissible use of Preamble in assessing black lung claims).

Finally, we reject Employer's argument that substantial evidence does not support the ALJ's decision to discredit the opinions of Drs. Zaldivar and Basheda. The ALJ permissibly discredited Dr. Zaldivar's opinion because the physician relied primarily on statistical averages from various epidemiological studies of miners and smokers to conclude that Seckman does not suffer from legal pneumoconiosis. *See id.* at 152 (explaining that "the [P]reamble does warn that 'statistical averaging' can conceal the effect of coal mining on the decline in pulmonary function in individual miners" (citing Preamble, 65 Fed. Reg. at 79,941)). Dr. Basheda's opinion presented the opposite problem: although he cited multiple reasons why he believed Seckman's pulmonary impairment was caused solely by smoking, he failed to cite medical literature to support this position and dismissed the need to do so in his deposition testimony. *See Consolidation Coal* Co. *v. Dir., Off. of Workers' Comp. Programs,* 521 F.3d 723, 726 (7th Cir. 2008) (concluding that substantial evidence supported ALJ's discrediting of medical opinion where physician "did not cite a single article in the medical literature to support his propositions").

Contrary to Employer's argument, we conclude that the ALJ's decision did not create a Catch-22 paradox. Instead, the decision reflects that a physician cannot rely on

6

medical literature or studies alone to determine the cause of a miner's impairment, as Dr. Zaldivar did, but also cannot submit opinions unsupported by medical literature or studies, as Dr. Basheda did.  There is an obtainable middle ground: an opinion that assesses the individual miner's condition and then applies medical literature or studies to that condition. Because the ALJ did not discredit the opinions of Drs. Zaldivar or Basheda for no reason or the wrong reason, we defer to the ALJ's decision.

And because the ALJ applied the correct legal standards and his decision is supported by substantial evidence, we deny Employer's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*